IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARVIN POINTER**  **PLAINTIFFS**
**and BRENDA POINTER**

v.  CASE NO. 4:24-CV-00291-BSM

**STATE FARM FIRE**
**AND CASUALTY COMPANY**  **DEFENDANT**

**ORDER**

State Farm Fire and Casualty Company's motion for summary judgment [Doc. No. 20] is denied on Marvin and Brenda Pointer's bad faith claim.

I. BACKGROUND

When viewed in the light most favorable to the Pointers, the non-moving parties, the facts are as follows. The Pointers purchased a homeowner's insurance policy from State Farm and their home subsequently sustained wind damage. Plaintiffs' Resp. to Def.'s Statement of Undisputed Material Facts (SUMF), Doc. No. 22, ¶¶ 1,3. After several delays, State Farm gave the Pointers the number to its claims department. *Id.* ¶ 4. Weeks later, State Farm sent out a claims adjuster who informed the Pointers that the damage to their roof was not covered by the policy because their shingles had not fallen to the ground or blown away. *Id.* ¶¶ 4–5 and 7. The adjuster's manager later explained that the adjuster meant to tell them that the policy did not cover the damage because some of it was due to faulty installation. *Id.* ¶ 8. Although State Farm now appears to maintains that coverage was denied because the Pointers' loss does not exceed their insurance policy's deductible, the Pointers allege that

State Farm is intentionally and willfully denying their valid claim.

The Pointers are suing State Farm for breach of contract, bad faith, and negligence. Doc. No. 18.  State Farm is moving for summary judgment on the bad faith claim.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in their pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in a light most favorable to the non-moving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Although bad faith claims are extremely difficult to prove, State Farm's motion for summary judgment is denied.  An insurance company engages in bad faith when it "affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured."  *Selmon v. Metropolitan Life Ins. Co.*, 277 S.W.3d 196, 201–02 (Ark. 2008).  This is a high standard, and mere negligence or bad judgment is not enough; there must be affirmative misconduct.  *Id.* at 202.  Even if there is affirmative misconduct,

to "constitute bad faith, an insurer's affirmative misconduct must be in pursuit of avoiding its obligations under the insurance policy.  Thus, where an insurer . . . reasonably attempts to discharge its contractual obligations, the floor falls out from under the insured's bad faith claim." *Tilghman v. Allstate Prop. & Cas. Ins. Co.*, 22 F.4 752, 756 (8th Cir. 2022).

Viewing the record in the light most favorable to the Pointers, State Farm's claims adjuster inspected their roof, smiled, and told them that "the shingles have to fall on the ground or . . . blow away" for the policy to cover the damage.  Pl.'s Resp., Ex. 2 at 36, Doc. No. 24.  The adjuster's manager then told them that the adjuster meant to tell them that the policy did not cover the damage because the damage was caused by faulty installation and not by the wind.  Now, it appears that State Farm's position is that it did not pay for the damage because the Pointers' loss did not exceed their deductible.  State Farm's shifting explanations, coupled with the delays in processing the claim, are sufficient reasons to allow the Pointers to present this issue to the jury to determine whether State Farm is intentionally attempting to deceive the Pointers for the express purpose of denying a valid claim.  *See Southern Farm v. Allen*, 934 S.W.2d 527, 530 (Ark. 1996) (finding genuine dispute of material fact when the plaintiff alleged facts indicating that the insurance agent lied when he claimed that there was no coverage).

IT IS SO ORDERED this 5th day of December, 2025.

_____
UNITED STATES DISTRICT JUDGE